```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOHN and MARIA PAYAN, individually and as H/W, | |
| Plaintiffs, | Civil Action No. 08-cv-6390 (NLH)(KMW) |
| v. | **MEMORANDUM & ORDER** |
| GREENPOINT MORTGAGE FUNDING, INC., AMERICAN MORTGAGE, INC., KAREN MCHALE individually and/or d/b/a AMERICAN MORTGAGE, INC., and JOHN DOES 1-10, | |
| Defendants. | |

**HILLMAN, District Judge**

THIS MATTER having been raised by motion filed by Plaintiffs, John and Maria Payan, on September 25, 2009, seeking default judgment against Defendants, Karen McHale and Homeq Servicing Corporation; and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma

Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at \*\*3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

It appearing that Plaintiffs requested the entry of default by the Clerk on September 25, 2009; and

It further appearing that the Clerk did not enter default as requested; and

It further appearing that Plaintiffs initially served McHale via certified mail, and not personal service; and

The Court noting that default judgment, generally, may not be entered against a party who is initially served via mail, see Soni v. Holtzer, 255 F. App'x 614, 617 (3d Cir. 2007) ("Regarding [plaintiff's] initial attempt at service before filing her default judgment motion, service of process by certified mail in such circumstances was not authorized by the federal service-of-process rule [or] New Jersey law . . . ." (citing Fed. R. Civ. P. 4(e)(2), (i)(1)(B); N.J. Ct. R. 4:4-3(a), 4:4-4(b)(1), (c))); Easley v. New Century Mortg. Corp., 2009 U.S. Dist. LEXIS 65462, at \*3 n.2 (E.D. Pa. Jul. 29, 2009) (noting that Clerk of the Court did not enter default judgment because plaintiff served defendant by certified mail); Citibank, N.A. v. Russo, 759 A.2d 865, 868 (N.J. App. Div. 2000) (explaining that under New Jersey law, "a plaintiff may attempt initial service of process by mail, in which event the service is valid and a default may be entered only if the defendant answers or

2

otherwise appears in the action" (citing N.J. Ct. R. 4:4-4(c))); <u>Wohlegmuth v. 560 Ocean Club</u>, 695 A.2d 345, 346 (N.J. App. Div. 1997) (stating that under New Jersey law, "service by regular and certified mail is a permitted alternative form of service on a resident individual, but cannot support a default judgment" (citing N.J. Ct. R. 4:4-4(c))); and

The Court concluding that Plaintiffs have not satisfied Fed. R. Civ. P. 55(a) and that, without a further showing by Plaintiffs, default judgment cannot be entered against McHale, who has not answered or appeared in this case; and

The Court noting that, subsequent to filing their Motion for Default Judgment, Plaintiffs filed a First Amended Complaint on January 20, 2010, and a Second Amended Complaint on March 9, 2010; and

The Court finding that Homeq Servicing was not named as a defendant in either of the amended complaints and, thus, has been terminated as a party in this suit;

Accordingly,

IT IS on this   21st   day of    May    , 2010, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (Doc. # 32) is **DISMISSED, without prejudice.**

At Camden, New Jersey
/s/ NOEL L. HILLMAN
HON. NOEL L. HILLMAN, U.S.D.J.